Oaruthers, J.,
delivered the opinion of the court.
The defendant was indicted for retailing spirituous' liquors contrary to law. The facts charged were fully proved. He produced in defence, a license from the clerk of the county court, regularly issued, except that the oath required by the Act of 1846, ch. 90, § 3, .is not endorsed on the back. He proved by the clerk that he complied with all the provisions of the act; *612 and that the oath was duly administered to him and recorded, and preserved in bis office, as the law directs. A transcript of the oath, as administered and recorded, was produced in evidence, and it conforms strictly to the act. But the court charged the jury that the defendant was not protected; that his license was void. He was found guilty. The only question here is, whether the law was correctly charged; and we think it was, and that the judgment must be affirmed.
It is argued that the defendant was in no fault; that he paid his money, entered into the bond, and took the oath required by law; that nothing more was to be done by him; and that the omission of the clerk to do his duty ought not to effect the validity of the license, and expose the defendant to the penalties prescribed for offenders against this law. The argument is plausible, but legally unsound. The 4th section provides “that the oath shall be recorded and preserved by the clerk, and also endorsed on the bach of the license; and every license issued without said oath being taken, and endorsed thereon, shall be void.” ~We are not left, then, to reason about the propriety of the requisition, who was in fault, or the hardness of the case. The provision is unambiguous, positive, and cannot be disregarded. It was the business of the defendant, before entering upon this privileged vocation, to see that his authority was such as the law required. He was bound to know the law under which he was about to act; and by that, his commission is expressly declared to be void. It will not be presumed by thé court, that the legislature looked with so much favor upon this traffic, as to intend that any of the express conditions of the enjoyment of the peculiar privilege of retailing liquor to the people, wasting their *613 substance and corrupting tbeir morals, should be relaxed by tbe courts. It would be unbecoming in us to arraign the legislature, or question tlieir wisdom in this, or any other constitutional measure which they have solemnly adopted. But it is our province to give force and effect to their acts, as we find them, in all their parts.
We only conform, then, to the express language of the act of the legislature, in declaring that the license of the defendant is void, and affords him no legal defense to this prosecution.